# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LAMONT WILLIAMSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16CV67 SNLJ |
| | ) | |
| IAN WALLACE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner at the Southeast Correctional Center (SECC), seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983 for violations of the Missouri Sunshine Law, Mo. Rev. Stat. § 610.010 *et seq.* (Sunshine Law). Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.00. *See* 28 U.S.C. § 1915(b).

## Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff brings this action against Ian Wallace, the Warden at SECC, and Paula Reed, the Assistant Warden at SECC. Plaintiff was placed in administrative segregation for what he says were false conduct violations. He says he was unable to file an effective appeal of the placement because Wallace and Reed do not allow prisoners access to the standard operating procedures (SOPs). He requested the SOPs under the Sunshine Law, but defendants did not provide them to him.

## Discussion

Section 1983 allows citizens to sue state actors who violate the laws or Constitution of the United States. It does not provide a remedy for violations of state law, such as the Sunshine Law. As a result, the complaint is legally frivolous and must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 6<u>th</u> day of May, 2016.

                                   _____

                                   STEPHEN N. LIMBAUGH, JR.
                                   UNITED STATES DISTRICT JUDGE