UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LAMONT WILLIAMSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-CV-67 SNLJ |
| | ) | |
| IAN WALLACE, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. The Court dismissed this action under 28 U.S.C. § 1915(e) because it found that plaintiff's allegations sounded in state law. Plaintiff argues that the Court failed to properly construe his constitutional claims. The motion is denied.

Under 28 U.S.C. § 1915(e), the Court is required to dismiss an action filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Plaintiff alleges that since he was transferred to the Southeast Correctional Center in 2013, he was placed in administrative segregation eighty percent of the time. He says his

placement was due to twenty false minor conduct violations. He requested the institutional policies and procedures from the defendants, who are the Warden and Assistant Warden of the facility, but that they refused his request. Plaintiff claims this placed them in violation of the Missouri Sunshine Law.

In his motion for reconsideration, plaintiff argues that he was not allowed to present evidence during the disciplinary hearings. He says he should have been provided with free polygraph tests for expert witnesses to defend him from staff accusations. He also says he was denied access to video evidence. He asserts that defendants are the only officials who have "full control of the evidence . . ."

Plaintiff's federal claims fall under the Due Process Clause of the Fourteenth Amendment. For the Due Process Clause to be implicated, an inmate subjected to administrative segregation must have been subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995). Plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship which might conceivably create a liberty interest. *Id.* at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); *Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 1997) (unpublished) (same; four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation). As a result, plaintiff's due process claims fail.

Plaintiff's § 1983 claims also fail because he has not alleged defendants involvement in his placement in restrictive housing. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is

inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). Just because defendants refused his request for the standard operating procedures does not make them responsible for any false conduct violations or his placement in administrative segregation. Defendants are supervisory officials, and plaintiff cannot maintain a § 1983 suit against them in their supervisory capacity. Consequently, plaintiff's § 1983 claims do not state a claim upon which relief can be granted.

Finally, plaintiff has not demonstrated that he has a constitutional right to the institution's standard operating procedures. Therefore, plaintiff's motion for reconsideration is denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration [ECF No. 8] is **DENIED**.

Dated this 18th day of May, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE